DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**MADELINE S. EWING,**

                **Plaintiff,**                Civil Action

v.                                        No. 07-2299-CM-DJW

**DIRECT SECURITY SERVICES,**

                **Defendant.**

## MEMORANDUM AND ORDER

Pending before the Court is Defendant's Motion for a More Definite Statement (doc. 10). Defendant contends that Plaintiff's Complaint is deficient because it does not identify the statutory basis for her action. Defendant also contends that it is deficient because Plaintiff fails to allege in her prayer for relief the amount or nature of the damages she is seeking. For the reasons set forth below, the Court denies Defendant's Motion.

**I.    Nature of the Matter Before the Court**

Plaintiff is proceeding in this action pro se. She has completed and filed this District's form complaint for filing an employment discrimination action. That form asks the pro se plaintiff to "mark the statute that you are filing this complaint under" and then lists Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act; and the Americans with Disabilities Act. Plaintiff failed to check any of those statutes. Plaintiff does, however, allege in her Complaint that she "was fired after refusing sexual advances."[1] She also alleges that the "facts surrounding my

---

[1] Compl. (Doc. 1) at p.3.

claim of discrimination are: touching me in wrong places at computer" and that this "alleged discriminatory conduct occurred on or about March 31, 06 & before."[2]

Plaintiff alleges in her Complaint that she "filed charges with the Equal Employment Opportunity Commission ["EEOC"] regarding the alleged discriminatory act after March 31, 2006."[3] She attaches a copy of the EEOC Right to Sue Notice and EEOC Charge. In the EEOC Charge, she alleges: "During the time I was with this employer, I was subjected to sexual harassment in that a male Manage would touch me inappropriately ans ask to take me home . . . . I complained to higher management with this employer and I was subjected to retaliation in that he began to cancel appointment that I hd made and then he discharged me."[4] In her charge she also states: "I believe I was subjected to this treatment due to my gender, female, and in retaliation for my complaints in Violation of Title VII of the Civil Rights Act of 1964, as amended."[5]

Although Plaintiff did not complete the section of the form complaint dealing with damages and equitable relief, she did file a "Statement" on January 28, 2008, in which she states: "I can't even think of any amount that would make up for the embarrassment I received. I hope it would not be under $10,000 but the amount the Judge thinks fair and just."[6]

---

[2]*Id.* at p. 4.

[3]*Id.*

[4]EEOC Charge, attached to Compl. (doc. 1).

[5]*Id.*

[6]Statement (doc. 13) at p.1.

2

## II. Standard for Ruling on Motion for More Definite Statement

A motion for more definite statement is appropriate when the pleading to which the party is required to respond "is so vague or ambiguous that the party cannot reasonably be required to frame a responsive pleading."[7] The decision whether to grant or deny such a motion lies within the sound discretion of the court.[8] Such motions are generally not favored by the courts because of the liberal pleading requirements of Federal Rule of Civil Procedure 8(a).[9] Rule 12(e) is designed to strike at unintelligible pleadings rather than pleadings which lack detail.[10]

Applying these standards, the Court concludes that the motion should be denied. The Court finds that Plaintiff has pled her Complaint with sufficient detail to plead allegations of sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended. Additional detail with respect to Plaintiff's claims may be elicited through discovery. With respect to Plaintiff's failure to allege the amount or nature of her damages, Plaintiff will be required to provide a computation of each category of her damages as part of her Rule 26(a)(1)(A)(iii) disclosures. In addition, Defendant will be able to conduct discovery regarding Plaintiff's claimed damages.

---

[7] Fed. R. Civ. P. 12(e). Specifically, Rule 12(e) provides in pertinent part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

[8] *Graham v. Prudential Home Mortgage Co., Inc.*, 186 F.R.D. 651, 653 (D. Kan. 1999) (citations omitted).

[9] *Classic Communications, Inc. v. Rural Tel. Serv. Co., Inc.*, 956 F. Supp. 910, 923 (D. Kan. 1997) (citing *Resolution Trust Corp. v. Thomas*, 837 F. Supp. 354, 356 (D. Kan.1993)).

[10] *Steed v. Warrior Capital, L.L.C.*, No. CIV-06-348-F, 2007 WL 2458790, at *5 (W.D. Okla. Aug. 24, 2007) (citing 2 James Wm. Moore, *Moore's Federal Practice*, § 12.36 (3d ed. 2007)).

For these reasons, the Court cannot find that Plaintiff's Complaint is "so vague or ambiguous" that Defendant cannot reasonably be required to frame a responsive pleading. The Court therefore denies Defendant's Motion for a More Definite Statement.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a More Definite Statement (doc. 10) is denied.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 2nd day of April 2008.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and *pro se* parties